GOODWIN, Circuit Judge,
concurring:
I concur in the result and concur in the opinion. I write only to point out the folly of this appeal and the judicial inefficiency now inherent in the review of some sentencing appeals.
As an initial point, Rivera-Gomez’s original sentence is supported by the Guidelines, even if his conviction for resisting arrest is completely removed from the calculation. Dropping the three criminal history points originally added for that conviction, Rivera-Gomez’s total criminal history points would be nine, which supports a criminal history category of IV. See U.S.S.G., Ch. 5, Part A (Sentencing Table). In combination with the original offense level of twenty-two — which reflected no upward adjustments for his conduct in resisting arrest — these calculations support a custodial sentence between sixty-three and seventy-eight months under the Guidelines. Id. Accordingly, Rivera-Gomez’s original sentence of seventy-seven months was within the Guidelines, even with no adjustments made for his resisting-arrest conviction.
It is possible the district court could sentence Rivera-Gomez towards the low-end of this new Guidelines range — as it did under its initial higher calculation — resulting in a new sentence below seventy-seven months. It would seem more likely, however, that on remand defendant will face a higher Guidelines range, which could potentially result in a longer sentence than the one first imposed. First, it seems fairly obvious that there will be at least a three-level upward adjustment of the offense under § 3A1.2(a), as the victim of *516 the resisting-arrest conduct was a government officer. This adjusted offense level of twenty-five would result in a Guidelines range of 84 to 105 months. Two additional upward adjustments are also possible. See §§ 3A1.2(c)(l) and 3C1.2. If all three of these adjustments are made, Rivera-Gomez’s offense level could reach thirty-three, resulting in a Guidelines range of 188 to 235 months. Accordingly, the result of this “successful appeal” could well be that Rivera-Gomez’s sentence increases, potentially as much as tripling.
Despite knowing all this, we are unable under current Ninth Circuit precedent to affirm the sentence originally given by the district court and to dispense with this case. In U.S. v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc), this Court held remand was necessary for significant procedural error, which includes any incorrect calculation of the sentencing range.
The Supreme Court has instructed, however, that remand for resentencing must pass a harmless error test. Williams v. U.S., 593 U.S. 193, 202 (1992). “[Rjemand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court’s selection of the sentence imposed.” Id. Williams remains good law. See, e.g., U.S. v. Smith, 561 F.3d 934, 942 (9th Cir.2009). Mandatory remand for even a harmless mistake in calculating the Guidelines makes even less sense now that the Guidelines are purely advisory. See United States v. Booker, 543 U.S. 220, 244-45, 259-60, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
As the government is not seeking a higher sentence, this court could easily conclude that the error in determining the sentencing range here was harmless. It would be sadly ironic for Rivera-Gomez to win his appeal and then be given a longer sentence, possibly much longer. For the sake of judicial efficiency and good common sense, it seems to me that the procedural error trigger of Carty needs to be refashioned to admit the harmless error standard of Williams.
*517-523 Editor’s Note: The opinion of the United States Court of Appeals, Ninth Circuit, in McLeod v. Astrue, published in the advance sheet at this citation, 634 F.3d 516, was withdrawn from the bound volume because it was amended and superseded on grant of rehearing in part. For superseding opinion, see 2011WL 1886355._